UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES JACKSON, III,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MULTNOMAH COUNTY,<br><br>　　　　　　　Defendant. | Case No. 3:24-cv-05290-DGE<br><br>ORDER TRANSFERRING CASE |

The District Court has referred plaintiff's motion to proceed *in forma pauperis* (IFP) to the undersigned. *See* Dkt. 1. The Court has reviewed plaintiff's proposed complaint and finds the proper venue for this case is the District of Oregon. Therefore, the Court orders this case be transferred to the District of Oregon.

In the proposed complaint, plaintiff, who resides in Vancouver, Washington, alleges that he was wrongfully terminated by the Multnomah County Department of Community Justice on the basis of retaliation and discrimination. Dkt. 1-4 at 1-2.

DISCUSSION

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or

ORDER TRANSFERRING CASE - 1

1  omissions giving rise to the claim occurred, or a substantial part of the property that is
2  the subject of the action is situated; or (3) a judicial district in which any defendant may
3  be found, if there is no district in which the action may otherwise be brought. *See* 28
4  U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either
5  dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

6       Here, it is clear from plaintiff's complaint that his claims arise out of actions
7  committed by the Multnomah County Department of Community Justice, the only
8  defendant, which is located in the District of Oregon. 28 U.S.C § 117. Plaintiff has not
9  named any defendants who are located in the Western District of Washington.
10 Therefore, the Court concludes venue is improper.

11      Because venue is improper, the court has discretion to dismiss or transfer the
12 case. *See* 28 U.S.C. § 1406(a). At this time, the Court does not find the proposed
13 complaint is meritless. Further, dismissing the case and directing plaintiff to refile in the
14 District of Oregon would cause unnecessary delay. Therefore, the Court finds
15 transferring, rather than dismissing, this case is appropriate.

16                               CONCLUSION

17      The Court finds venue is improper and the interests of justice require this case be
18 transferred to the proper venue. Accordingly, the Court orders this case be transferred
19 to the District of Oregon and this case be closed.[1]

20      In light of the transfer, the Court defers to the District of Oregon with respect to
21 plaintiff's application to proceed IFP (Dkt. 1).

---

[1] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (S.D. Cal. 2013).

ORDER TRANSFERRING CASE - 2

Dated this 23rd day of April, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TRANSFERRING CASE - 3